%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**APPENDIX H**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Don Troiani
464 Burr Road
Southbury, CT   06488

**(b)** County of Residence of First Listed Plaintiff   New Haven
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gavin P. Lentz, Esq.
1524 Locust Street, Phila., PA   19102
(215) 735-3900

## DEFENDANTS (SEE ATTACHED LIST)

Cafepress.Com, Inc.
950 Tower Lane, Suite 600
Foster City, CA   94404   San Mateo
County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. section 502 etseq.
Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $   in excess of $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  4/3/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

<u>DEFENDANTS:</u>

**CAFEPRESS.COM, INC.**
950 Tower Lane, Suite 600
Foster City, California 94404

      and

**PAUL STREITZ**
8 William Street
Darien, Connecticut 06820

      and

**DONNA CLINE**
4029 Whiteside Avenue
Anniston, Alabama 36206

      and

**MARION T. BUTL**
112 East 44th Street
Savannah, Georgia 31405

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 464 Burr Road, Southbury, CT  06488

Address of Defendant: (See attached list of Defendants and addresses.)

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___    Yes ☐  No ☐    N/A

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 17 U.S.C. 502 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Gavin P. Lentz, Esq. _____, counsel of record do hereby certify:

 ☒☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

 ☐ Relief other than monetary damages is sought.

DATE: 4-3-08 _____    _____    53609
                                Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4-3-08 _____    _____    53609
                                Attorney-at-Law              Attorney I.D.#

CIV. 609 (4/03)

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 464 Burr Road, Southbury, CT  06488

Address of Defendant:  (See attached list of Defendants and addresses.)

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___     Yes ☐   No ☐    N/A

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☑
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify)  17 U.S.C. 502 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Gavin P. Lentz, Esq. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4-3-08     _____     53609
Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4-3-08     _____     53609
Attorney-at-Law     Attorney I.D.#

CIV. 609 (4/03)

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 464 Burr Road, Southbury, CT   06488

Address of Defendant:  (See attached list of Defendants and addresses.)

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)___     Yes☐  No☐   **N/A**

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)  17 U.S.C. 502 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Gavin P. Lentz, Esq. _____, counsel of record do hereby certify:

☒☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4-3-08        _____        53609
                    Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4-3-08        _____        53609
                    Attorney-at-Law          Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Don Troiani | : | CIVIL ACTION |
| v. | : | |
| Cafepress.Com, Inc., et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| | | |
|---|---|---|
| 4-3-08 | _Gavin P. Lentz, Esq._ | |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| (215) 735-3900 | (215) 735-2455 | glentz@bochettoandlentz.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DON TROIANI,** | ) | |
| 464 Burr Road | ) | |
| Southbury, Connecticut 06488, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| **CAFEPRESS.COM, INC.,** | ) | **JURY TRIAL DEMANDED** |
| 950 Tower Lane, Suite 600 | ) | |
| Foster City, California 94404, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **PAUL STREITZ,** | ) | |
| 8 William Street | ) | |
| Darien, Connecticut 06820, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **DONNA CLINE,** | ) | |
| 4029 Whiteside Avenue | ) | |
| Anniston, Alabama 36206, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MARION T. BUTL,** | ) | |
| 112 East 44th Street | ) | |
| Savannah, Georgia 31405, | ) | |
| | ) | |
| Defendants. | ) | |

## CIVIL ACTION COMPLAINT

Plaintiff Don Troiani, by and through undersigned counsel, avers as follows in support of his claims against Defendants:

1

## I.  JURISDICTION AND VENUE

1.      Jurisdiction is founded upon 28 U.S.C. § 1400(a) and 15 U.S.C. § 1125(a) in that Plaintiff Don Troiani ("Plaintiff" or "Mr. Troiani") is the owner of several valid copyrights, which have been infringed upon by the acts of the Defendants.

2.      Plaintiff's non-federal claims are properly before this Court pursuant to the Supplemental Jurisdiction Act, 28 U.S.C. § 1367.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as substantial acts of infringement giving rise to Mr. Troiani's claims occurred in the Eastern District of Pennsylvania.

4.      Venue is also proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(c) as Defendants have substantial business contacts with the Eastern District of Pennsylvania.  Further, Defendans have marketed the infringing products here and have sold the infringing products here unlawfully infringing Plaintiff's copyright and trademark rights.

## II.  THE PARTIES

5.      Mr. Troiani is an adult individual residing at 464 Burr Road, Southbury, Connecticut 06488.

6.      Mr. Troiani is a nationally known military artist and historian who has painted his artistic version of several historical scenes of the most dramatic moments of the American Revolutionary and Civil Wars.  His paintings routinely sell for $85,000 a piece.  Defendants have harmed Plaintiff's reputation and diminished the value of his copyrights by, among other things, selling G-strings with his artwork copied on them.

7.      Mr. Troiani earns his living selling his copyrighted artwork to museums, publishing companies, and collectors.  His paintings of military figures and dramatic,

historical scenes are owned by or on display at the Smithsonian Institute, West Point Military Academy, the United States Army National Guard, the Pentagon, and the National Park Service.

8.      Mr. Troiani's paintings have been published in numerous publications and books on a worldwide basis.

9.      Defendant Cafepress.com, Inc. ("Cafepress") is, upon information and belief, a Delaware corporation with its principal place of business located at 950 Tower Lane, Suite 600, Foster City, California 94404.  Cafepress has promoted, aided, and profited from the infringement of Plaintiff's copyrighted artwork.

10.      Defendant Paul Streitz ("Mr. Streitz") is an adult individual who may be served at 8 William Street, Darien, Connecticut 06820.  Mr. Streitz has profited from the infringement of Plaintiff's copyrighted artwork.

11.      Defendant Donna Cline ("Ms. Cline") is an adult individual who may be served at 4029 Whiteside Avenue, Anniston, Alabama 36206.  Ms. Cline has profited from the infringement of Plaintiff's copyrighted artwork.

12.      Defendant Marian T. Butl ("Ms. Butl") is an adult individual who may be served at 112 East 44th Street, Savannah, Georgia 31405.  Ms. Butl has profited from the infringement of Plaintiff's copyrighted artwork.

### III. FACTS COMMON TO ALL COUNTS

13.      Defendant Cafepress is an online retailer that produces and distributes user-customized products with various designs and logos.

14.      Defendant Cafepress provides an online storefront and website to its users.  It also provides order management, production assistance, payment processing, and customer

service for the products that are bought and sold from its Internet storefront.  In providing these services, Cafepress derives a substantial financial gain from the buying and selling of products.

15.     Defendant Mr. Streitz is the shop keeper for the products entitled "Back to the Border", which were sold and advertised on the Cafepress website.

16.     Defendant Ms. Cline is the shop keeper for the products entitled "The Greatminds", which were sold and advertised on the Cafepress website.

17.     Defendant Ms. Butl is the shopkeeper for the products entitled "Sons of the South", which were sold and advertised on the Cafepress website.

18.     In or about December, 2007, Mr. Troiani discovered that Cafepress was manufacturing, advertising, promoting, and selling numerous products, including t-shirts, mouse pads, coffee mugs, and women's thong-style underwear all of which contained reproductions/copies of Mr. Troiani's copyrighted artwork.

19.     Mr. Troiani's artwork entitled "The Minuteman" was unlawfully copied and appeared on approximately forty four (44) different items that were sold and advertised on the Cafepress website as "Back to the Border" products.  (A true and correct copy of the infringing "Back to the Border" products sold on the Cafepress website are Ex. "A" hereto.) The "Back to the Border" products were manufactured, sold, advertised, and marketed by Cafepress.

20.     Mr. Troiani also discovered additional lines of products being sold and advertised on the Cafepress website as "The Greatminds" products.  (A true and correct copy of the "The Greatminds" products sold on the Cafepress website are Ex. "B" hereto.)  "The

Greatminds" products advertised on Cafepress contained infringing copies of Mr. Troiani's artwork entitled "Bunker Hill."

21.    Mr. Troiani's artwork entitled "Bunker Hill" was copied on approximately sixty nine (69) different products, including women's thong underwear.  (See photograph of thong underwear attached hereto as Ex. "C.")

22.    The placement and advertising of Mr. Troiani's established military artwork on women's thong underwear has diminished, diluted, and harmed the reputation of Mr. Troiani's classic artwork as his paintings sell for as much as $85,000 a piece.  Moreover, the use of this artwork on these consumer products without permission or license from Mr. Troiani has made it impossible for him to license his work to others who would have paid valuable consideration for the right to use Mr. Troiani's well-respected images.

23.    In addition to noticing Defendants' prohibited use of "The Minuteman" and "Bunker Hill", Mr. Troiani discovered that Defendants used depictions of six more of his copyrighted paintings on products advertised as "Sons of the South."  (Attached hereto as Ex. "D" are true and correct copies of samples of the infringing products being sold on the Cafepress website.)

24.    Each of these products contained a collage which infringed on the following copyrighted paintings belonging to Mr. Troiani:  Boy Colonel, Tiger Rifles: Wheats 1st Special Battalion 1861, Jackson is With You, Washington Artillery of New Orleans ANV Companies 1862, The High Water Mark, and Southern Cross.

### A.  "The Minuteman"

25.    In early 2001, Mr. Troiani created a painting which he named "The Minuteman." Before publishing this work of art, Mr. Troiani placed his name, the date, and a copyright

5

notice at the bottom of the painting in accordance with his normal practice. (A true and correct copy of "The Minuteman" painting with the requisite copyright notice is attached hereto as Ex. "E.") Shortly thereafter, Mr. Troiani first published this work with his name and copyright notice.

26.     On or about March 14, 2001, Mr. Troiani formally registered his copyright of "The Minuteman" by delivering his application, a copy of the painting, and payment to the Copyright Registrar. (A true and correct copy of the registration is attached hereto as Ex. "F".)

### B.  "Bunker Hill"

27.     In early 2000, Mr. Troiani created a painting which he entitled "Bunker Hill." Before publishing this work of art, Mr. Troiani place his name, the date, and a copyright notice at the bottom of the painting in accordance with his normal practice. (A true and correct copy of "Bunker Hill" with the requisite copyright notice is Ex. "G".) Shortly thereafter, Mr. Troiani first published this work with his name and copyright notice.

28.     On or about June 21, 2000, Mr. Troiani formally registered his copyright of "Bunker Hill" by delivering his application, a copy of the painting, and payment to the Copyright Registrar. (A true and correct copy of the registration is attached hereto as Ex. "H".)

### C.  "The Boy Colonel"

29.     In 1988, Mr. Troiani created a painting which he entitled "The Boy Colonel." Before publishing this work of art, Mr. Troiani place his name, the date, and a copyright notice at the bottom of the painting in accordance with his normal practice. (A true and

6

correct copy of "The Boy Colonel" with the requisite copyright notice is Ex. "I".)  Shortly

thereafter, Mr. Troiani first published this work with his name and copyright notice.

30.     On or about August 17, 1990, Mr. Troiani formally registered his copyright of

"The Boy Colonel" by delivering his application, a copy of the painting, and payment to the

Copyright Registrar.  (A true and correct copy of the registration is attached hereto as Ex.

"J".)

### D. "Wheat's Tiger Rifles: 1st Special Battalion 1861"

31.     In early 2000, Mr. Troiani created a painting which he entitled "Wheat's Tiger

Rifles: 1st Special Battalion 1861."  Before publishing this work of art, Mr. Troiani placed his

name, the date, and a copyright notice at the bottom of the painting in accordance with his

normal practice.  (A true and correct copy of "Wheats Tiger Rifles: 1st Special Battalion

1861" with the requisite copyright notice is Ex. "K".)  Shortly thereafter, Mr. Troiani first

published this work with his name and copyright notice.

32.     On or about February 18, 2000, Mr. Troiani formally registered his copyright of

"Wheat's Tiger Rifles: 1st Special Battalion 1861" by delivering his application, a copy of the

painting, and payment to the Copyright Registrar.  (A true and correct copy of the

registration is attached hereto as Ex. "L".)

### E. "Jackson Is With You"

33.     In 1998, Mr. Troiani created a painting which he entitled "Jackson Is With You."

Before publishing this work of art, Mr. Troiani placed his name, the date, and a copyright

notice at the bottom of the painting in accordance with his normal practice.  (A true and

correct copy of "Jackson Is With You" with the requisite copyright notice is Ex. "M".)

Shortly thereafter, Mr. Troiani first published this work with his name and copyright notice.

34.    In or about April 16, 1998, Mr. Troiani formally registered his copyright of "Jackson Is With You" by delivering his application, a copy of the painting, and payment to the Copyright Registrar.  (A true and correct copy of the registration is attached hereto as Ex. "N".)

### F.   "Washington Artillery of New Orleans ANV Companies 1862"

35.    In 1991, Mr. Troiani created a painting which he entitled "Washington Artillery of New Orleans ANV Companies 1862."  Before publishing this work of art, Mr. Troiani placed his name, the date, and a copyright notice at the bottom of the painting in accordance with his normal practice.  (A true and correct copy of "Washington Artillery of New Orleans ANV Companies 1862" with the requisite copyright notice is Ex. "O".)  Shortly thereafter, Mr. Troiani first published this work with his name and copyright notice.

36.    In or about May 2, 1991, Mr. Troiani formally registered his copyright of "Washington Artillery of New Orleans ANV Companies 1862" by delivering his application, a copy of the painting, and payment to the Copyright Registrar.  (A true and correct copy of the registration is attached hereto as Ex. "P".)

### G.   "The High Water Mark"

37.    In 1994, Mr. Troiani created a painting which he entitled "The High Water Mark."  Before publishing this work of art, Mr. Troiani placed his name, the date, and a copyright notice at the bottom of the painting in accordance with his normal practice.  (A true and correct copy of "The High Water Mark" with the requisite copyright notice is Ex. "Q".)  Shortly thereafter, Mr. Troiani first published this work with his name and copyright notice.

38.    In or about May 17, 1994, Mr. Troiani formally registered his copyright of "The High Water Mark" by delivering his application, a copy of the painting, and payment to the

Copyright Registrar. (A true and correct copy of the registration is attached hereto as Ex. "R".)

### H. "Southern Cross"

39.     In 1994, Mr. Troiani created a painting which he entitled "Southern Cross." Before publishing this work of art, Mr. Troiani placed his name, the date, and a copyright notice at the bottom of the painting in accordance with his normal practice. (A true and correct copy of "Southern Cross" with the requisite copyright notice is Ex. "S".) Shortly thereafter, Mr. Troiani first published this work with his name and copyright notice.

40.     In or about October 26, 1994, Mr. Troiani formally registered his copyright of "Southern Cross" by delivering his application, a copy of the painting, and payment to the Copyright Registrar. (A true and correct copy of the registration is attached hereto as Ex. "T".)

### I.   Defendants Have Access to Mr. Troiani's Copyrighted Work

41.     Mr. Troiani is a nationally known military artist and historian who has painted several historical scenes of the most dramatic moments of the American Revolutionary and Civil Wars. (See Ex. "E", "G", "I", "K", "M", "O", "Q", and "S".) These paintings of military figures and dramatic, historical scenes are owned by or on display at the Smithsonian Institute, West Point Military Academy, the U.S. Army National Guard, the Pentagon, the National Park Service, and several Museums and Historical Societies. They are also affixed to three coins minted by the United States of America.

42.     Mr. Troiani's artwork is also widely circulated and displayed in many Civil War and Revolutionary War publications.

9

43.    A comparison of Defendants' infringing products with Plaintiff's copyrighted works shows that Defendants had access to Plaintiff's paintings before copying them exactly.

### J.   Defendants Willfully Infringe Plaintiff's Copyrighted Artwork

44.    Defendants recognized the significance of having Plaintiff's artwork printed on their products, *i.e.* the portrayal of dramatic, well-known painted scenes by a nationally known artist.

45.    Unlawfully using Plaintiff's paintings as a blueprint, Defendants manufactured, published, and distributed several dramatic scenes of the American Revolution, and copied these scenes without authorization by fixing literal copies directly on their products.  (*See* Ex. "A" – "D".)

46.    Defendants advertised these infringing products as "Back to the Border", "The Greatminds", and "Sons of the South."  (Id.)

47.    Relying on the reputation of Mr. Troiani, a nationally respected artist, Defendants have advertised and sold the infringing products at costs ranging from $10.99 to$26.99 an item.  Mr. Troiani has been paid nothing and never authorized Defendants to use his artwork and affix copies of that artwork to t-shirts, mousepads, and women's thong-style underwear, *inter alia*.  (*See* Ex. "C.")

48.    In or about December 2007, Mr. Troiani, to his surprise, discovered that Defendants were willfully infringing his artwork by printing virtually identical copies of his paintings on numerous products and offering those products for sale through the Internet.

49.    Defendants' use of the dramatic scenes from the following copyrighted paintings on their products is a clear and willful infringement:  "The Minuteman", "Bunker Hill", "The Boy Colonel", "Southern Cross", "The High Water Mark", "Washington Artillery of

New Orleans ANV Companies 1862", "Jackson is With You", and "Wheat's Tiger Rifles: 1st Special Battalion 1861."

50.     Defendants knowingly, willfully, directly and/or derivatively copied and derived financial gain, without independent creation, for the specific purpose of infringing Mr. Troiani's copyrights and to enrich themselves.

51.     Defendants did not receive permission to use Mr. Troiani's paintings for use in the marketing and sale of the following lines of products:  "Back to the Border", "The Greatminds", and "Sons of the South."  (*See* Ex. "A" – "D".)

52.     Defendants knowingly and willfully copied the following of Plaintiff's paintings without crediting Mr. Troiani for his creativity:  "The Minuteman", "Bunker Hill", "The Boy Colonel", "Southern Cross", "The High Water Mark", "Washington Artillery of New Orleans ANV Companies 1862", "Jackson is With You", and "Wheat's Tiger Rifles: 1st Special Battalion 1861."

53.     As a direct and proximate result of Defendants' conduct, Mr. Troiani has sustained economic and reputational loss.

## COUNT I
### MR. TROIANI v. ALL DEFENDANTS
### (COPYRIGHT INFRINGMENT)
### (REQUEST FOR INJUNCTIVE RELIEF)
### (17 U.S.C. § 502 *ET. SEQ*)

54.     Plaintiff incorporates all prior paragraphs of this Complaint as if the same were set forth at length.

55.     Defendants have willfully infringed Plaintiff's copyrights of the following artwork:  "The Minuteman", "Bunker Hill", "The Boy Colonel", "Southern Cross", "The High Water Mark", "Washington Artillery of New Orleans ANV Companies 1862",

11

"Jackson is With You", and "Wheat's Tiger Rifles: 1st Special Battalion 1861." *See* ¶¶ A-H *supra*. Defendants have failed to designate the original source of these works, which Defendants have used to sell, among other items, t-shirts, mousepads, and women's thong-style underwear.

56. Defendants' infringement, use, sale, and pirating of Plaintiff's protected artwork has caused permanent and irreparable harm to Plaintiff's reputation.

57. Unless an injunction issues, barring Defendants from further distributing, marketing, selling, publishing, or otherwise promoting its infringing products and other materials, Plaintiff will suffer ongoing irreparable harm to his name, reputation, and the exclusivity of his artwork.

58. Plaintiff has no adequate remedy at law.

59. Based upon the clear and willful violations in this case and the virtual identify of the artwork involved, Plaintiff has a substantial likelihood of success on the merits.

60. Greater harm will befall the Plaintiff than the Defendants if the injunctive relief herein is not granted.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment as follows:

a. restraining all Defendants from promoting, selling, marketing, advertising, shipping, transporting (directly or indirectly), or otherwise moving in domestic or foreign commerce, any and all products, which infringe upon Plaintiff's copyrighted artwork;

b. ordering Defendants to forfeit (and/or recall) any and all products, including but not limited to t-shirts, mugs, mousepads, or women's thong style underwear, which contain the infringing material;

c.  ordering Defendants to recall any and all of its catalogs, Internet postings, books, posters, brochures, or other sales literature, which contain products that infringe Plaintiff's protected artwork; and/or

d.  providing any such other relief this Court deems fair and just.

## COUNT II
## MR. TROIANI v. ALL DEFENDANTS
## (COPYRIGHT INFRINGMENT)
## (REQUEST FOR MONETARY RELIEF)
## (17 U.S.C. § 502 *ET. SEQ*)

61.     Plaintiff incorporates all prior paragraphs of this Complaint as if the same were set forth at length.

62.     At all times material, Plaintiff had copyrighted the following artwork and distributed the paintings with the required copyright notices: "The Minuteman", "Bunker Hill", "The Boy Colonel", "Southern Cross", "The High Water Mark", "Washington Artillery of New Orleans ANV Companies 1862", "Jackson is With You", and "Wheat's Tiger Rifles: 1st Special Battalion 1861."

63.     Plaintiff registered his copyrights of these paintings by delivering his application, deposit material (consisting of a copy of his paintings) and required payment to the Copyright Registrar.   *See* ¶¶ A-H *supra*.

64.     The dramatic scenes as pressed and printed on Defendants' products are virtually identical to Mr. Troiani's copyrighted paintings.

65.     Defendants had no license, authority, or permission to prepare or use any form or derivative copy or depiction of Plaintiff's paintings.  Defendants have further collectively "induced" and encouraged infringement of Plaintiff's copyrights.

13

66.     As laid out more fully above, Defendants willfully and deliberately infringed upon Mr. Troiani's protected works on multiple occasions and on more than one hundred (100) different products.

67.     Defendants have unlawfully earned substantial profits by using Plaintiff's artworks in the advertisement of the following lines of products: "Back to the Border", "The Great Minds", and "Sons of the South."

68.     Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to one hundred thousand dollars ($100,000) per each willful infringement and/or up to twenty thousand dollars ($20,000) per each non-willful infringement.

69.     Pursuant to 17 U.S.C. § 505, Plaintiff is also entitled to reasonable attorney's fees and costs for prosecuting this action.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendants for an amount in excess of one hundred fifty thousand dollars ($150,000), plus interest, attorneys' fees, costs, and any such other relief this Court deems fair and just.

## COUNT III
## MR. TROIANI v. ALL DEFENDANTS
## (UNFAIR COMPETITION)
## (15 U.S.C. § 1125(a)-LANHAM ACT)

70.     Plaintiff incorporates all prior paragraphs of this Complaint as if the same were set forth at length.

71.     Plaintiff's fanciful artworks have been well-publicized and have acquired secondary meaning among collectors, historians, and others familiar with Plaintiff's artwork.

72.     Defendants falsely designated the origin of several of the dramatic scenes printed on their products and related materials as the work of Defendants.

73.     Plaintiff has suffered significant harm as a result of Defendants' false designation of origin and unfair competition as Defendants have unlawfully copied Plaintiff's well-recognized art, causing confusion among collectors and others as to the source and authenticity of his work.

74.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered harm to his reputation, damages to his trademark and other losses set forth more fully above.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendants for an amount in excess of one hundred fifty thousand dollars ($150,000), plus interest, attorneys' fees, costs, and any such other relief this Court deems fair and just.

**COUNT IV**
**MR. TROIANI v. ALL DEFENDANTS**
**(CIVIL CONSPIRACY)**

75.     Plaintiff incorporates all prior paragraphs of this Complaint as if the same were set forth at length.

76.     Defendants and their agents and employees intentionally committed unlawful "overt acts" in furtherance of a conspiracy to pirate and misappropriate Plaintiff's artwork for their own use without Plaintiff's authorization.

77.     The conspiracy committed by Defendants is set forth more fully above and proximately caused financial harm to Mr. Troiani, including harm to his reputation.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendants for an amount in excess of one hundred fifty thousand dollars ($150,000), plus interest, attorneys' fees, costs, and any such other relief this Court deems fair and just.

**COUNT V**
**MR. TROIANI v. ALL DEFENDANTS**
**(COPYRIGHT INFRINGMENT)**
**(VISUAL ARTISTS RIGHTS ACT OF 1940)**
**(17 U.S.C. § 106A(3)(A)-(B))**

78.     Plaintiff incorporates all prior paragraphs of this Complaint as if the same were set forth at length.

79.     Plaintiff's works of art "The Minuteman", "Bunker Hill", "The Boy Colonel", "Southern Cross", "The High Water Mark", "Washington Artillery of New Orleans ANV Companies 1862", "Jackson is With You", and "Wheat's Tiger Rifles: 1st Special Battalion 1861" are works of recognized stature.

80.     Plaintiff seeks to vindicate his moral right of integrity and to prevent the distortion, mutilation, or other modification of his artwork.

81.     Plaintiff's honor and reputation has been tarnished as a direct result of Defendants' having affixed "The Minuteman", well-established artwork, on women's thong style underwear, among other products, and selling them for a profit.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendants for an amount in excess of one hundred fifty thousand dollars ($150,000), plus interest, attorneys' fees, costs, and any such other relief this Court deems fair and just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by a jury of twelve (12) persons on all issues to which he is so entitled.

Respectfully submitted,

BOCHETTO & LENTZ, P.C.

Date: 4/2/08

By: _____
Gavin P. Lentz, Esquire
Vincent van Laar, Esquire
Todd S. McGarvey, Esquire
*Attorneys for Plaintiff*

Gavin P. Lentz, Esquire
Vincent van Laar, Esquire
Todd S. McGarvey, Esquire
**BOCHETTO & LENTZ, P.C.**
1524 Locust Street
Philadephia, Pennsylvania 19102
215/735-3900
215/735-2455 (fax)
glentz@bochettoandlentz.com
vvlaar@bochettoandlentz.com
tmcgarvey@bochettoandlentz.com

17